

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2003

# USA v. Hargett

Precedential or Non-Precedential: Non-Precedential

Docket 02-1871

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Hargett" (2003). *2003 Decisions.* Paper 794.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/794

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1871

———————

UNITED STATES OF AMERICA

v.

COTY L. HARGETT;
a/k/a Michael Foster;
a/k/a Blue;

Coty L. Hargett,
Appellant

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 01-cr-00004J)
District Court Judge: Honorable D. Brooks Smith

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2003

Before: SLOVITER and RENDELL, Circuit Judges,
and DEBEVOISE, District Judge*

(Filed: February 21, 2003)

———————

*The Honorable Dickinson R. Debevoise, Senior Judge, United States District Court for
the District of New Jersey, sitting by designation.

———————

RENDELL, <u>Circuit Judge</u>.

Cody Hargett was convicted of one count of possession of crack cocaine with intent to distribute and one count of carrying a firearm during and in relation to a drug trafficking crime  Hargett appeals the District Court's denial of his suppression motion, challenges the sufficiency of the evidence, and contends that the District Court erred in refusing to admit "reverse 404(b)" evidence.

The relevant facts were developed at the suppression hearing and again at trial. Hargett was a passenger in a car, seated in the back seat behind the driver's seat, when the police made a routine traffic stop of the vehicle because the driver had failed to use a turn signal for three left-hand turns.  When the police learned that the license of the driver, McCray, had been suspended, and decided to have the car towed, McCray exited the vehicle, as did another passenger, Noon, who was sitting in the right front passenger seat.

Hargett remained in the back seat.  One of the officers, Officer Haymaker, stuck his head into the vehicle and asked Hargett if he had any identification.  Hargett responded that he had none.  Haymaker testified that when he asked Hargett for his name, Hargett made a facial expression as if "he was actually thinking about what to tell" him.  Haymaker also noted that Hargett kept his knees together so that Haymaker could not see the floor of the vehicle.  Hargett indicated that his name was Michael Foster and that he was born on December 25, 1976.  He also said that he was from Philadelphia and was visiting a girl

named Heather, whose last name, address and phone number he did not know. Haymaker then told Hargett he should get out of the vehicle because it was going to be towed. In the meantime, Haymaker had learned that there was no record of a person with the name and date of birth that Hargett had given.

While they were standing outside the car, Haymaker asked Hargett to take his hands out of his front pants pockets. Hargett initially complied, but then kept putting his hands back into his pockets. Haymaker advised Hargett that he was going to pat him down for weapons and instructed him to put his hands on the car. During the patdown, Haymaker felt a bulge and was advised by Hargett that it was Xanax, a controlled substance, and that he had no prescription for Xanax. Haymaker then placed Hargett under arrest and removed the baggie containing the drug from Hargett's pocket. It contained three blue-colored pills. Hargett was also in possession of $533 in cash, in various denominations, while the other occupants of the vehicle had no more than $5 in their possession.

McCray then gave Haymaker permission to search the vehicle; in the left rear passenger area Haymaker found a plastic bag that contained 24 rocks of crack cocaine as well as a large baggie of uncut crack cocaine. Haymaker then found a .380 Bryco handgun, loaded with seven rounds in the clip, in plain view on the rear floor of the vehicle behind the driver's seat. The barrel of the weapon was facing in the direction of the front of the vehicle and the grip was in the direction of the person sitting in the back of the vehicle.

The District Court has subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and our jurisdiction is founded upon 18 U.S.C. § 1291.

3

Hargett urges that the officers did not have reasonable suspicion or probable cause to detain him after the traffic citation was issued to McCray, the driver of the car. He urges that the stop was transformed into an illegal stop because it was extended beyond its initial purpose without legal cause, and that he was "effectively arrested" without probable cause to believe that he was committing criminal activity. Thus, because of this illegal detention, which led to the search, the search was illegal and the contraband, as fruit of the poisonous tree, should have been suppressed.

The District Court concluded that Hargett's conduct "quite reasonably put Haymaker on alert." (App. 10) After Hargett kept putting his hands in his pockets, Haymaker told the defendant he was making him nervous. The District Court held that the protective search was properly confined in scope, "to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." (Citing Terry v. Ohio, 392 U.S. 1, 29 (1968)).

The District Court also determined that Hargett was temporarily detained pursuant to a Terry stop and, as such, was not "in custody" for purposes of Miranda. (Citing Berkemer v. McCardy, 468 U.S. 420, 442 (1984)). The District Court noted that the "safeguards prescribed by Miranda become applicable as soon as a suspect's freedom of action is curtailed to a degree associated with formal arrest." Id. at 440. The District Court ruled that there was no arrest and, therefore, neither the statements uttered during the patdown search nor the baggie obtained as a result of the search would be suppressed.

The District Court's rulings were made after hearing extensive testimony, and consisted of conclusions of law appropriately drawn from facts found from the evidence. We can discern no clear error with respect to its factual findings, nor can we conclude that the District Court's legal conclusions were flawed in any way.

Accordingly, we will affirm the denial of Hargett's suppression motion.[1]

## II.

Hargett also challenges the sufficiency of the evidence at trial to prove that he possessed the drugs or carried the gun in question, in light of the fact that these items were inside a car that he did not own, and there was no specific evidence indicating that he knew of the presence of the contraband or intended to exercise dominion and control over it.

It should be noted that as a court of appeals sitting in review we are to "consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any reasonable trier of fact could find guilt beyond a reasonable doubt." United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993).

Given our standard of review, it is difficult to second-guess the jury's verdict in this factual setting. While Hargett is correct that there is no direct evidence of knowledge or intent to control the items in question, Hargett was the only person sitting in the location

---

[1] The District Court also determined that Hargett did not have standing to challenge the search of the vehicle, but Hargett does not contest this aspect of the District Court's ruling on appeal.

where the crack cocaine and handgun were found, in his plain view and reach. In addition, lies about his identity, as well as his evasive movements, strongly supported the inferences that the jury apparently drew. Further, Hargett had a controlled substance on his person, from which an inference could be drawn that other such substances were also his, and the packaging of the Xanax found on Hargett's person was similar to the packaging of the crack cocaine found in the car. Finally, Hargett had substantial amounts of cash in various denominations, while the other passengers in the vehicle did not.

With respect to the firearm, it was in plain view on the floor where Hargett was the only passenger, and he kept his knees together when Haymaker was looking into the car, which could easily be interpreted as a purposeful action to hide the gun. In addition, there was testimony from Officer Haymaker, based on his experience, as to the connection between drugs and guns. In sum, there was sufficient evidence for the jury to find that Hargett knew of the presence of the firearm and intended to assert control over it.

Accordingly, the jury's verdict that he possessed the drugs and the gun will not be overturned based on lack of evidence.

## III.

At trial, Hargett urged the District Court to permit him to present evidence that McCray had a history of drug addiction, gun possession, and use of guns in connection with drugs, which he characterized as "reverse 404(b) evidence" that would exculpate him. The Court refused. We review the District Court's decision on this issue de novo insofar as it

6

involves the District Court's interpretation of the Federal Rules of Evidence, but examine the District Court's rulings regarding admissibility of evidence under an abuse of discretion standard. United States v. Brown, 254 F.3d 454, 458 (3d Cir. 2001).

The District Court considered Hargett's arguments and issued a comprehensive opinion precluding the evidence of McCray's prior abuse of cocaine and possession of firearms based on the remoteness in time of the evidence and the fact that the proffered evidence failed even to suggest that McCray had ever engaged in the distribution of cocaine. Accordingly, the District Court determined that the use of evidence of such other bad acts and crimes that were "distinctly different from the offenses defendant is charged with committing more than a year later" would not be admissible to negate Hargett's guilt. The District Court noted, however, that it was not precluding defense counsel from arguing at trial that McCray in fact owned the crack cocaine and handgun found in the vehicle.

The determination as to whether section 404(b) evidence is more probative than prejudicial is left to the discretion of the district court. As the District Court here noted, the evidence of McCray's former possession of crack was not consistent with distribution, but, rather, with personal consumption. We cannot say that the District Court erred in determining that the prior bad acts of McCray were not particularly probative with respect to the drug distribution charge against Hargett. Under the abuse of discretion standard, the decision is to be reversed if arbitrary or irrational. United States v. Universal Rehab. Servs., 205 F.3d 657, 665 (3d Cir. 2000). Here, we find that the District Court's ruling was entirely reasonable. Accordingly, the District Court did not abuse its discretion in

7

excluding this evidence.

For all of the foregoing reasons, the order of the District Court will be AFFIRMED.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

_____
Circuit Judge

Dated: