

**FILED**
March 18, 2022 08:06 AM
ST-2020-CR-00040
**TAMARA CHARLES**
**CLERK OF THE COURT**

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | |
| Plaintiff, | ) | **Case No. ST-2020-CR-00040** |
| vs. | ) | |
| | ) | |
| **MATTHEW FONTAINE,** | ) | |
| Defendant. | ) | |
| _____ | ) | |

Cite as 2022 VI Super 37U

### MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Matthew Fontaine's ("Fontaine")
Motion to Suppress, filed on January 9, 2022. The People filed an opposition on January 24, 2022.

### FACTS

The facts presented below are found in Fontaine's motion to suppress and are taken from
Officer Joel Browne Connors' ("Officer Connors") *Probable Cause Fact Sheet*.[1]

On February 7, 2022, Officer Connors and Officer A. Trant ("the officers") were
dispatched to Tutu Park Mall to answer a 911 call to recover a stolen vehicle.[2] There, the officers
encountered Gerald Polydore ("Polydore"), the individual who made the 911 call. Polydore
informed the officers that he reported his scooter stolen to VIPD on January 17, 2020, and that a
friend had called to alert him that Fontaine was at Tutu Park Mall and in possession of the scooter.[3]

---

[1] Def.'s Mot. to Suppress, 1.
[2] Def.'s Mot. to Suppress, 1.
[3] Def.'s Mot. to Suppress, 1.

The officers approached Fontaine, informed him of the reasons for their stop, and requested documents to validate ownership of the scooter.[4] Fontaine responded by telling the officers that the scooter was his and that he had built it from scratch.[5] Fontaine then permitted Officer Connors to record the scooter's VIN number, which matched the VIN number on Polydore's title.[6] Fontaine was subsequently arrested and charged with (I) unauthorized use of a vehicle in violation of V.I. Code Ann. tit. 14 § 1382, and (II) vehicle tampering in violation of V.I. Code Ann. tit. 14 § 1384(b).[7]

Fontaine now brings a motion to suppress the physical evidence obtained from the officers' stop in addition to his statement – that he owned and built the scooter himself.[8] Fontaine further requests the Court to grant an evidentiary hearing on the motion before it rules on it.[9]

## LEGAL STANDARD

The Fourth Amendment[10] provides the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; *U.S. v. Mathurin*, 561 F.3d 170, 173 (3d Cir. 2009). Warrantless governmental activity is presumptively unreasonable, however, there are certain exceptions to the warrant requirement. *Mathurin*, 561 F.3d at 173. For instance, if police officers can point to specific and articulable facts that give rise to a reasonable suspicion that criminal activity is afoot and a person is presumed to be involved, the police can conduct an investigatory stop to question

---

[4] Def.'s Mot. to Suppress, 2.
[5] Def.'s Mot. to Suppress, 2.
[6] Def.'s Mot. to Suppress, 2.
[7] Def.'s Mot. to Suppress, 2.
[8] Def.'s Mot. to Suppress, 2.
[9] Def.'s Mot. to Suppress, 2.
[10] The Fourth Amendment applies in the U.S. Virgin Islands pursuant to the Revised Organic Act of 1954. *See* 48 U.S.C.A. § 1561 ("The right to be secure against unreasonable searches and seizures shall not be violated.").

that person and determine their connection with the criminal activity. *People v. Looby*, 68 V.I. 683, 694-95 (2018) (finding that "when an officer notices suspicious conduct by a person whose behavior leads the officer to reasonably conclude in light of his experience that criminal activity may be afoot, the officer may stop the individual to identify himself and make reasonable inquiries."); *Terry v. Ohio*, 392 U.S. 1, 10, 21 (1968); *Ornelas v. U.S.*, 517 U.S. 690, 693 (1996); *Mathurin*, 561 F.3d 173-74.

Generally, when a defendant files a motion to suppress, they must demonstrate that the police activity was done without a warrant; once that threshold is met the burden then shifts, and the government must prove that their warrantless activity was reasonable under a Fourth Amendment exception. *Looby*, 68 V.I. at 694; *U.S. v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995). More importantly, "[h]owever, a stop to check a driver's license and registration is constitutional when it is based on an articulable and reasonable suspicion that either the vehicle or an occupant has violated the law." *Johnson*, 63 F.3d at 245 (quoting *Delaware v. Prouse*, 440 U.S. 648, 663 (1979) (internal marks omitted)).

## DISCUSSION

**The Court may not suppress evidence that was obtained during a lawful investigatory stop.**

For evidence to constitute fruit of the poisonous tree and be excluded as evidence at trial, it must be obtained through an unconstitutional search.[11] *Herring v. U.S.*, 555 U.S. 135, 141 (2009); *see People of the V.I. v. Walters*, 2017 V.I. Lexis 165, at *4 (V.I. Super. Ct. 2017). Be that as it may, "[a]ny evidence obtained pursuant to an investigatory stop", conducted with a reasonable

---

[11] Indeed, the Supreme Court of the United States has noted that the exclusionary rule "is not an individual right and applies only where it results in appreciable deterrence." The Supreme Court has "repeatedly rejected the argument that exclusion is a necessary consequence of a Fourth Amendment violation. *Herring*, 555 U.S. at 141.

articulable suspicion that criminal activity is afoot, will not fall under the fruit of the poisonous tree doctrine. *U.S. v. Brown*, 448 F.3d 239, 244 (3d Cir. 2006); *U.S. v. Hargett*, 58 Fed. Appx. 942, 945 (3d Cir. 2003) (affirming the denial of a motion to suppress when defendant uttered a statement during a *Terry* stop pat down).

In the present matter, Fontaine is seeking to suppress evidence that he alleges was obtained unconstitutionally simply because he claims he was detained, searched, questioned, and arrested without a warrant. Specifically, Fontaine contends that his statement that he built the scooter should be excluded from trial as fruit of the poisonous tree. Here Polydore's scooter was stolen, and he then received information that Fontaine was in possession of it. On February 7, 2020, Polydore saw Fontaine at Tutu Park Mall, followed him outside, and saw Fontaine sit on a scooter. Polydore subsequently called 911, at which point the officers were dispatched to recover a stolen vehicle. Upon arriving to Tutu Park Mall, Polydore met the officers and informed them that his scooter was stolen on January 17, 2020.

By the time the officers approached Fontaine, they had obtained specific and articulable facts that put them on reasonable suspicion of ongoing criminal activity. At that point, the officers had the authority to approach Fontaine and perform an investigatory stop, which they did. The officers explained to Fontaine the reason why he was being stopped and requested proof of ownership of the scooter. Fontaine stated that he had built the scooter from scratch, but when Officer Connors checked the VIN number on the scooter, he noted that it matched the VIN number on Polydore's title. Fontaine was subsequently arrested and charged.

These facts are not in dispute. Accordingly, the Court finds that there is nothing here that would constitute fruit of a poisonous tree. The officers did not violate Fontaine's Fourth

Amendment rights; they performed a lawful investigatory stop after having received sufficient information to establish a reasonable suspicion that criminal activity was in progress. The statement by Fontaine was not fruit of a poisonous tree.

### The Court will also deny Fontaine's request for an evidentiary hearing on this motion.

An evidentiary hearing on a motion to suppress is only necessary when a defendant's moving papers demonstrate significant, disputed factual issues. *People v. Armstrong*, 64 V.I. 528, 539 (2016) (concluding that "the Superior Court is required to hold an evidentiary hearing whenever a factual dispute exists that requires it to weigh the evidence"); *United States v. Sophie,* 900 F.2d 1064, 1071 (7th Cir. 1990) ("A district court does not have to hold an evidentiary hearing on a motion just because a party asks for one."). That is, to warrant an evidentiary hearing, a motion to suppress must present that a factual dispute exists based on "definite, specific, detailed, and nonconjectural facts." *U.S. v. Foster*, 287 F. Supp. 2d 527, 529 (D. Del. 2003).

Here, Fontaine does not argue that there are disputed facts. Fontaine's motion to suppress includes a summary of the facts that was taken from Officer Connors' *Probable Cause Fact Sheet*. As a result, the parties include an almost identical account of what transpired. Fontaine does not demonstrate that there are facts to be disputed, nor does he make any "bald-faced allegations of misconduct." *United States v. Voigt,* 89 F.3d 1050, 1067 (3d Cir. 1996). Rather Fontaine contends that he was detained, questioned, searched, and arrested without a warrant, which the Court has already discounted above; he does not allege any factual disputes that would necessitate a hearing. Indeed, the material facts to this matter are uncontroverted, and the parties have adopted the same

recounting of what ensued. Therefore, the Court will not hold an evidentiary hearing on this motion.

## CONCLUSION

The facts here, as presented by both parties, do not lead the Court to find that there is a genuine dispute of material fact. Fontaine does not present facts to meet the threshold of a motion to suppress. As a result, Fontaine is not entitled to a hearing on this motion. The officers conducted a lawful investigatory stop after receiving specific, articulable facts that Fontaine was involved in stealing a scooter. The Court will, therefore, deny the motion to suppress and demand for a hearing.

DATED: March 18, 2022

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
Court Clerk Supervisor 03 / 21 / 22